Robert W. Cacace, J.
The parties, on an agreed statement of facts, submit the issues to the court. It appears that the parties are landlord and tenant, which relationship was governed by a lease dated September 1, 1971, expiring August 31, *818 1974 and calling for a monthly rental of $259 with an additional charge of $30 per month for parking facilities.
Prior to termination of the lease agreement the State Legislature enacted the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4), which became effective in Yonkers on July 1, 1974 by virtue of a declaration of emergency made by the Yonkers City Council on June 28, 1974. These premises are subject to the provisions of that act and the regulations adopted thereunder.
The landlord, in June, 1975, offered a lease to the tenant on forms supplied by the Office of Rent Administration, Division of Housing and Community Renewal, which offer purported to be in conformity with the rent guidelines promulgated by the Westchester County Guidelines Board appointed under the authority of the act.
The tenant objected to the terms of the proposed lease, with respect to the base figure used by the landlord in computing the guidelines increase. The objection of the tenant was made to the Division of Housing and Community Renewal, which proceeding is still pending. Apparently, the initial legal regulated rent, or base figure upon which the guidelines increase is to be computed, has not been established.
The statute and regulations promulgated thereunder require that the landlord establish the initial legal regulated rent. Subdivision 2 of section 21 of the State Tenant Protection Regulations, dated May 29, 1955 (9 NYCRR 2501.1[b]) reads as follows: "the initial legal regulated rent shall be the rent reserved in the last effective lease or other rental agreement prior to the local effective date of the Act.” It appears to be a simple matter to take the amount of rent reserved in the last lease and make the computations of the allowable increases thereon, thus arriving at the figure allowed by the Guidelines Board. The case belies that assertion. A serious question has arisen between the parties as to how to handle the amounts represented by the tax escalation clause in the prior lease. The landlord attempts to use, as a base figure, the total of taxes incurred, but not paid, for the prior years of 1972, 1973 and 1974, in addition to the rent reserved in the prior lease. The tenant disputes this method of computation.
The regulations provide for a procedure to avoid this problem. Section 41 of the State Tenant Protection Regulations (9 NYCRR 2503.1) reads as follows: "Notice of initial legal regulated rent. Every landlord of housing accomodation subject to *819 these Regulations, which are rented to a tenant on the local effective date, shall within 30 days after the local effective date give notice in writing by certified mail to the tenant of each such housing accomodation on a form provided by the Division for that purpose, reciting the initial legal regulated rent for the housing accomodation and the tenant’s right to file an application for adjustment of the initial legal regulated rent within 90 days after receipt of the notice.” If such a notice had been filed in the instant case the 90-day period of protest would have expired and the initial legal regulated rent would have been established. As this was not done this court does not have the power to intervene in the establishment of what is the initial legal regulated rent on these premises. (Matter of ARS Yonkers Corp. v Sims, 82 Misc 2d 721.)
The tenant counterclaims in the amount of $500 for attorney’s fees and punitive damages in the amount of $1,000 based upon harassment. In regard to the claim for attorney’s fees this is a matter to be determined by the Rent Administrator (see Emergency Tenant Protection Act of 1974, § 12, subd a, par [1], cl [d]; Matter of ARS Yonkers Corp. v Sims, supra).
Accordingly, the petition herein is dismissed. The counterclaim insofar as it demands attorney’s fees is dismissed. In regard to the portion of the counterclaim demanding damages for harassment the petitioner shall have 10 days after service of a copy of a judgment herein to answer same.